UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DEBORAH KIRKPATRICK, et al.,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:13-cv-0123** |
| | § | |
| **DOVER & FOX, P.C., et al.,** | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Dover & Fox, P.C.'s ("Dover & Fox") Motion for Summary Judgment or in the Alternative Motion for Partial Summary Judgment. ("Defendant's Motion", Doc. No. 27.)  After considering the Motion, the response thereto, and the applicable law, the Court finds that Dover & Fox's motion should be denied.

I.        **BACKGROUND**

In this case, the Plaintiffs, Lynn and Deborah Kirkpatrick ("the Kirkpatricks"), allege that they each received debt collection letters on January 17, 2012 from Dover & Fox which violated provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code §§ 392.001-392.404. The Kirkpatricks filed this lawsuit in January, 2013, seeking to represent a class of individuals who have likewise received such letters from Dover & Fox, and to recover statutory and actual damages as well as attorneys' fees and costs. Dover & Fox filed the pending summary judgment motion, claiming not to be a "debt collector" within the meaning of either the FDCPA or the TDCPA, and seeking dismissal of all claims against it.

1

II.    **LEGAL STANDARDS**

Under Rule 56, summary judgment is warranted if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Importantly, "the mere existence of *some* factual dispute will not defeat a motion for summary judgment; Rule 56 requires that the fact dispute be *genuine* and *material*." *Willis v. Roche Biomed. Lab.*, 61 F.3d 313, 315 (5th Cir. 1995). Material facts are those whose resolution "might affect the outcome of the suit under the governing law . . . ." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A dispute is *genuine* "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Anderson*, 477 U.S. at 248). A court may consider any evidence in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). However, conclusory affidavits will not suffice to create or negate a genuine issue of fact. *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Shafer v. Williams*, 794 F.2d 1030, 1033 (5th Circ. 1986); *see* Fed. R. Civ. P. 56(c)(4).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact, but it need not negate the elements of the nonmoving party's case. Fed. R. Civ. P. 56(a); *Willis*, 61 F.3d at 315 (citing *Celotex*, 477 U.S. at 322-23; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). If the burden of proof at trial lies with the nonmoving party, the moving party may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. However, "[i]f the moving party fails to meet [its] initial

burden, the motion must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)).

Once the moving party has met its burden, the nonmoving party must identify specific evidence in the record and articulate how that evidence supports its claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Simply resting on the allegations in the pleadings will not suffice. Neither will this burden be satisfied "by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

Rule 56(d) permits additional discovery after a summary judgment motion has been filed when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). This provides a "much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion," and serves "to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Six Flags Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 963 (5th Cir. 2009) (quoting *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992)) (internal quotation mark omitted); *Culwell v. City of Fort Worth,* 468 F.3d 868, 871 (5th Cir. 2006). Thus, Rule 56(d) motions for additional discovery are "broadly favored and should be liberally granted" *Raby v. Livingston,* 600 F.3d 552, 561 (5th Cir. 2010) (quoting *Culwell*, 468 F.3d at 871) (internal quotation marks omitted).

Nevertheless, parties filing Rule 56(d) motions "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *SEC v. Spence & Green Chem. Co.,* 612 F.2d 896, 901 (5th Cir. 1980). As a result, "a party seeking additional discovery pursuant to Rule 56(d) must show 1) how that discovery will create a genuine issue of material fact, and 2) that the movant exercised due diligence in discovery." *Mitchell v. Sikorsky Aircraft,* --- F. App'x ---, No. 12-10523, 2013 WL 3239439 at * 3 (5th Cir. Mar. 5, 2013) (internal quotation marks and citations omitted). That is, a party seeking relief under Rule 56(d) must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Raby*, 600 F.3d at 561 (quoting *C.B. Trucking, Inc. v. Waste Mgmt. Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)) (internal quotation marks omitted). Indeed, "[i]f it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment." *Access Telecom, Inc. v. MCI Telecomms. Corp.,* 197 F.3d 694, 720 (5th Cir. 1999).

III.     **EVIDENCE OFFERED BY THE PARTIES**

In support of its motion, Dover & Fox offers affidavits from attorneys Bobby G. Dover ("Dover Decl.", Doc. No. 27-1) and Jimmy G. Fox ("Fox Decl.", Doc. No. 27-2) consisting of three short, identical, and unnumbered paragraphs. Both affidavits state that Dover & Fox has sent only a "hand ful [sic] of collection letters within the year preceding the letters sent to Plaintiffs, and even less after." Both state that debt collection is not the "regular" business or "matter of course" of Dover & Fox, and that such activity constitutes less than five percent of Dover & Fox's practice. Further, Mr. Dover and Mr. Fox both state that Dover & Fox did not employ any individuals who "regularly engaged" in soliciting debts for collection, or who

4

contacted debtors for the purposes of collection or adjustment of debts at the time when the letters were sent to the Kirkpatricks. Furthermore, they state that Dover & Fox does not now and never has employed any individuals solely to perform debt collection, and that the only employees of Dover & Fox are Mr. Dover, Mr. Fox, and two paralegals.

While the Court is willing to accept some of the assertions made in the affidavits, the Court finds that others are merely conclusory at best. The Court excludes as conclusory the following statements in both affidavits: 1) "It is not the regular business or matter of course of Dover and Fox, P.C. to send collection letters or to collect debts owed to a third party"; 2) "the collection of debts is not the principal or a substantial part of the firms [sic] practice"; and 3) "Dover & Fox, P.C. did not have any employees who regularly engaged in the solicitation of debts for collection or who regularly made contact with debtors for the purpose of collection or adjustment of debts at the time the letters were sent to the Plaintiffs." All three statements draw legal conclusions regarding the regularity of Dover & Fox's debt collection activities.

Because they meet the requirements of Rule 56(c)(4),[1] the Court credits the following statements from Mr. Dover and Mr. Fox: 1) "Dover & Fox, P.C. does not employ anyone in the capacity of debt collection now and we have never employed anyone in the capacity of debt collection"; and 2) "In fact Dover & Fox, P.C. only employs four employees total. These employees include two paralegal/receptionists, my partner [Jimmy G. Fox/Bobby G. Dover] and myself"; 3) "[t]he firm of Dover & Fox, P.C. has sent only a hand ful [sic] of collection letters

---

[1] Rule 56(c)(4) states that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The Court is satisfied, and the Kirkpatricks do not dispute, that Mr. Dover and Mr. Fox made their affidavits on their own personal knowledge, that the facts in question qualify as admissible evidence, and that Mr. Dover and Mr. Fox, as the named partners in the firm, are competent to testify to the facts therein.

within the year preceding the letters sent to the Plaintiffs and even less after"; and 4) "[l]ess than 5% of Dover & Fox, P.C.'s practice consists of debt collection."

In response, the Kirkpatricks point to the collection letters submitted by Dover & Fox as part of its initial disclosures required under Rule 26(a). Doc. No. 16. According to Dover & Fox, these amount to all of the collection letters it sent between January 1, 2012 and March 11, 2013, when its disclosures were filed with this Court. Mr. Dover signed all of the letters. The thirty-eight collection letters were sent to twenty different individuals regarding thirty-six different accounts at three different credit unions. The letters were sent in ten out of the approximately fourteen and one-half months covered by the disclosure; sometimes as many as three or four were sent in the same day.

In addition to pointing to the collection letters submitted by Dover & Fox in its initial disclosures, the Kirkpatricks submit a declaration supporting their request for additional discovery under Rule 56(d). In it, their counsel at the time, Noah D. Radbil, states that the Kirkpatricks have not had a "reasonable opportunity" to discover the facts necessary to challenge Dover & Fox's motion because, at the time they filed their opposition, approximately six months still remained in the discovery period. Decl. of Noah Radbil ¶ 2 ("Radbil Decl.", Doc. No. 32-1). Mr. Radbil's declaration also describes what discovery the Kirkpatricks seek: "(1) the nature of Dover's other legal activities; (2) the volume of debt collection activity in relationship to Dover's other legal activities; (3) the number of collection suits that Dover has filed; (4) the frequency with which Dover sends the same collections letter(s); (5) revenue percentages; (6) the manner in which Dover advertises available services; and (7) the length, nature, and extent of Dover's relationship with various creditors." *Id.* ¶ 3.  The Kirkpatricks also seek to depose Mr. Dover and Mr. Fox regarding all the issues to which they testify in their affidavits. *Id.* ¶ 4.

IV.   **ANALYSIS**

Dover & Fox's motion centers around its argument that it is not a proper defendant in this lawsuit because it is not a "debt collector." Relying exclusively on Sixth Circuit and out-of-circuit district court decisions, Dover & Fox argues that there are sufficient facts to show, as a matter of law, that it is not and cannot be considered a "debt collector" under either the FDCPA or the TDCA. The Kirkpatricks argue that, under the appropriate legal standards, there are sufficient facts in the record to counter the affidavits put forth by Dover & Fox and to support a denial of summary judgment. Alternatively, the Kirkpatricks seek to pursue further discovery under Rule 56(d). They argue that, if this Court were to find that the facts they point to are not sufficient to deny Dover & Fox's motion, summary judgment would nevertheless be premature, as discovery has only begun in the case.

A.   **The FDCPA Claims**

The Fair Debt Collection Practices Act seeks to eliminate "abusive, deceptive, and unfair debt collection practices" by regulating the type and number of contacts a "debt collector" can make with a debtor. *See* 15 U.S.C. § 1692. The statute defines "debt collector" to include "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Lawyers engaged in consumer debt collection litigation may be held liable for violating the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995); *Addison v. Braud*, 105 F.3d 223, 224 n.1 (5th Cir. 1997).

Although Dover & Fox may fare better under Sixth Circuit law, this Court is bound by Fifth Circuit precedent, and controlling Fifth Circuit case law regarding the FDCPA's "debt

7

collector" definition is not as conclusive as Dover & Fox might hope. Central to the FDCPA definition of "debt collector" is the "regularly" and "principal purpose" language, and the Fifth Circuit has determined that those terms are not equivalent: "[a] person may 'regularly' collect debts even if debt collection is not the principal purpose of his business." *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 41 (5th Cir. 2008) (citing *Garrett v. Derbes*, 110 F.3d 317, 318 (5th Cir. 1997)). "Whether a party 'regularly' attempts to collect debts is determined, of course, by the volume or frequency of its debt-collection activities." *Brown v. Morris*, 243 F. App'x. 31, 35 (5th Cir. 2007). Indeed, "if the volume of a person's debt collection services is great enough, it is irrelevant that these services only amount to a small fraction of his total business activity; the person still renders them 'regularly.'" *Garrett*, 110 F.3d at 318. Thus, in the Fifth Circuit, "no bright-line rule identifies when an attorney or law firm 'regularly' collects or attempts to collect debts, so courts must make this determination on a case-by-case basis." *Hester*, 289 F. App'x at 41 (citing *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 62 (2d Cir. 2004)).

Courts in the Fifth Circuit conducting this inquiry have looked to such factors as the number of lawsuits filed and collection letters mailed, the percentage of time debt collection activities consume, the share of total lawsuits filed that were dedicated to debt collection, the number of creditor clients and the length of the firm's relationship with them, the frequency and nature of the non-collection work in which the firm engages, and the number of firm attorneys and other employees dedicated to debt collection activities. *See Welch v. Jannereth*, No. 4:10-CV-365, 2011 WL 3880527 at *3 (E.D. Tex. July 20, 2011), *aff'd*, 496 F. App'x 411 (5th Cir. 2012); *McNeill v. Graham, Bright & Smith, P.C.*, No. 3:04-CV-1484, 2006 WL 1489502, at * 1 (N.D. Tex. May 26, 2006); *Hester v. Graham, Bright & Smith*, No. 6:04-CV-36, 2005 WL

994704 at *4 (E.D. Tex. Apr. 1, 2005), *aff'd in relevant part and vacated in part*, 289 F. App'x

at 41-42; *Franco v. Maraldo*, No. 99-3265, 2000 WL 288378 at *2-*3 (E.D. La. Mar. 16, 2000).

The Court is not persuaded that the credited evidence in the Dover & Fox affidavits is

sufficient to demonstrate categorically that Dover & Fox is not a "debt collector" under the

FDCPA. First, the evidence that Dover & Fox did not have employees dedicated to debt

collection at the time the Kirkpatricks received the letters and does not have such employees now

may serve to show that debt collection is not Dover & Fox's "principal purpose." However, it

does not suffice, by itself, to illustrate the volume or frequency of its debt collection activities,

and therefore is not dispositive of the question of whether Dover & Fox "regularly" engages in

debt collection.

Second, the Dover and Fox affidavits state that Dover & Fox sent only a "hand ful" of

collection letters in the year preceding those sent to the Kirkpatricks, and even fewer since. This

statement does go to the question of whether Dover & Fox "regularly" engages in debt

collection. But, it is puzzling that Dover & Fox would characterize its debt collection activities in

this way. Dover & Fox's own Rule 26(a) initial disclosures reveal that it sent thirty-one letters

between January 18, 2012 and March 11, 2013, the period following the letters it sent to the

Kirkpatricks. Doc. No. 16. While the actual collection letters for the year preceding those sent to

the Kirkpatricks are not in the evidence before the Court, according to its affidavits, Dover &

Fox claims to have sent more collection letters in that period than it did in the period after. This

would mean that Dover & Fox sent more than thirty-one collection letters in year preceding

those sent to the Kirkpatricks – hardly a mere handful. Nevertheless, Dover & Fox has produced

some evidence, supported by its initial disclosures, that it has sent relatively few collection

letters. Such evidence could support a conclusion that Dover & Fox did not "regularly" engage in debt collection activities.

Dover & Fox also states that debt collection amounts to only five percent of the firm's practice. This too addresses whether Dover & Fox can be said to "regularly" engage in debt collection. However, the Court does not find this unsupported assertion dispositive either, even when taken with the others. In *Garrett v. Derbes*, for example, the Fifth Circuit found that debt collection activities amounting to "less than 0.5 percent" of a law practice can, in certain circumstances, amount to "regularly" attempting to collect debts and thereby render the lawyer a "debt collector" within the meaning of the FDCPA. 110 F.3d at 318.

Because the burden at trial lies upon the Kirkpatricks to demonstrate that Dover & Fox is a "debt collector" under the FDCPA, Dover & Fox need only point out that there is an absence of evidence to support Plaintiff's case, which it has done. *See* Def.'s Mot. at 4. The Kirkpatricks have replied with specific evidence of debt collection activities amounting to more than isolated incidents, including debt collection efforts on behalf of three creditors. It is not clear, as a legal matter, though, that such evidence is enough to raise Dover & Fox's debt collection activities to the level of regular occurrences. None of the cases from the Fifth Circuit or courts within it reviewed by this Court determined that evidence of as few as thirty-eight collection letters over nearly fifteen months was sufficient to meet the FDCPA's "debt collector" definition.

However, the Kirkpatricks offer reason to believe that additional information exists that very likely may be instructive. The Court finds that the Kirkpatricks have met their relatively light burden for additional discovery under Rule 56(d). First, they have put forth a valid declaration explaining why they cannot present sufficient facts to oppose summary judgment and describing concretely what they seek. Second, the Court is satisfied that the information the

Kirkpatricks are pursuing probably exists and believes that it is likely to answer whether there is a genuine issue of material fact concerning Dover & Fox's status as a "debt collector" under the Fifth Circuit's FDCPA jurisprudence. What the Kirkpatricks seek goes directly to the question of whether Dover & Fox "regularly" engages in debt collection, for it concerns the frequency and volume of Dover & Fox's debt collection activity, and does so in more depth than the evidence offered thus far. Third and finally, Dover & Fox's summary judgment motion was filed not even two months after the discovery period began. *See* Doc. No. 25. As of today, there are still about three months left in the agreed-upon discovery period. The Kirkpatricks do not lack the evidence necessary to oppose summary judgment because of an absence of diligence on their part. Rather, they have not yet had an opportunity to obtain the evidence they need.

Consequently, the Court agrees with the Kirkpatricks that summary judgment is premature at this time. The Fifth Circuit mandates a heavily fact-intensive inquiry to determine whether or not an individual or entity qualifies as a "debt collector" under the FDCPA. The parties have supplied the Court with some evidence relevant to this inquiry. However, they have not come forward with enough to demonstrate conclusively that Dover & Fox is or is not properly classified as a "debt collector" under the FDCPA as a matter of law; relevant and determinable factual issues remain open. The Kirkpatricks have met their burden under Rule 56(d) to show that they are not able to present facts to challenge those offered by Dover & Fox, that they seek specific evidence which may plausibly create a genuine issue of material fact, and that no lack of diligence has deprived them of the necessary evidence. The Court believes that a better developed record is needed before summary judgment would be appropriate. Thus, as to the FDCPA claims, Dover & Fox's motion is denied without prejudice to refiling, should the facts developed in further discovery warrant reconsideration of this matter.

11

B.  **The TDCA Claims**

The TDCA is an analogue of the FDCPA, providing a state law cause of action for wrongful, abusive, or otherwise unfair debt collection practices. In part, it regulates the collection of "consumer debts" by "debt collectors," and prohibits debt collectors from, among other things, making "fraudulent, deceptive, or misleading representation[s]." Tex. Fin. Code §§ 392.001, 392.304(a).

Dover & Fox argues that it is not a "third party debt collector" as defined in the TDCA. *See* Tex. Fin. Code § 392.001(7). That may be, but the Kirkpatricks neither allege that Dover & Fox is a "third party debt collector," nor do they seek to hold it liable as such. Rather, they claim that Dover & Fox is a "debt collector" for the purposes of the TDCA. Compl. ¶¶ 9, 56-57 (Doc. No. 1). The TDCA differentiates between the two. *Compare* Tex. Fin. Code § 392.001(6) (defining "debt collector"), *with* Tex. Fin. Code § 392.001(7) (defining "third-party debt collector"). Under the TDCA, a "debt collector" is "a person who directly or indirectly engages in debt collection." *Id.* at § 392.001(6). "Debt collection" as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id.* at § 392.001(5).[2] Notably, "the Act does not require that debt collection be the principal business of a debt collector." *Monroe v. Frank*, 936 S.W.2d 654, 659-60 (Tex. App.—Dallas 1996, writ dism'd w.o.j.).

Unlike the FDCPA, then, the TDCA does not limit its definition of "debt collector" to include only those whose principal purpose is to collect debts or who do so with some frequency.

---

[2] Under the TDCA, "consumer debt" is "an obligation, or alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." Tex. Fin. Code § 392.001(2). The Kirkpatricks allege that Dover & Fox's debt collection activities include "consumer debt" under this definition, and Dover & Fox has neither challenged this allegation nor put forth evidence that does. *See* Compl. §§ 9, 13-14.

12

The TDCA's definition is much broader. Nowhere does Dover & Fox dispute that it either "directly or indirectly engages in debt collection." Tex. Fin. Code § 392.001(6). In fact, Dover & Fox concedes that it engages in debt collection; the affidavits from Mr. Dover and Mr. Fox both state that debt collection comprises five percent of the firm's practice, and its own initial disclosures include thirty-eight collection letters that it admits it sent. Dover & Fox has thus failed to carry its burden; summary judgment as to the TDCA claims is denied.

V.      **CONCLUSION**

For the reasons stated in this memorandum, Defendant Dover & Fox's Motion for Summary Judgment or in the Alternative Motion for Partial Summary Judgment (Doc. No. 27) is **DENIED WITHOUT PREJUDICE** to refiling, if appropriate, in light of the information disclosed in discovery as to the FDCPA claims, and **DENIED** as to the TDCA claims.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the twenty-first day of October, 2013.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE